UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT F. MCDONNELL,

and

MAUREEN G. MCDONNELL,

Defendants.

Action No. 3:14-CR-12

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Government's Motion to Exclude Expert Testimony ("Motion") (ECF No. 221). Upon due consideration, the Court will GRANT IN PART and DENY IN PART the Motion. With regard to each of the five expert witnesses proposed by Defendant Robert F. McDonnell ("McDonnell"), testimony will be excluded as follows:

1. Mark L. Early

McDonnell intends to call Mr. Early to give expert testimony on four topics. This testimony will be excluded in its entirety.

First, Mr. Early proposes to testify that certain conduct has never been understood to constitute official acts, to exert influence on governmental decisions, or to run afoul of the law. Mr. Early's opinion that McDonnell did not violate the law invades and usurps the function of the Court. *United States v. Offill*, 666 F.3d 168, 174-75 (4th Cir. 2011). It "does not help the jury" and, therefore, is not admissible as expert testimony. *See id.* at 175; Fed. R. Evid. 702.

Second, Mr. Early proposes to testify that the conduct alleged in the indictment—whether performed by McDonnell or other Virginia politicians—is consistent with innocent intent. Mr. Early proposes to answer hypothetical questions that mirror McDonnell's conduct

1

and to suggest special knowledge of mental state. Such testimony is not admissible as expert testimony. *See* Fed. R. Evid. 704(b); *Offill*, 666 F.3d at 177 (citing *United States v. Watson*, 171 F.3d 695, 703 (D.C. Cir. 1999); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)). Further, Mr. Early is no more qualified as an expert in assessing fraudulent intent than lay persons, making his proposed testimony unhelpful and inadmissible. *See* Fed. R. Evid. 702.

Third, Mr. Early proposes to testify as to the hypothetical legal advice he would have offered if McDonnell had sought advice from him. Such hypothetical advice constitutes no more than unreliable speculation and "supplies the jury with no information other than [Mr. Early's] view of how the verdict should read." *Offill*, 666 F.3d at 175. This testimony is inadmissible as expert testimony under Rule 702.

Fourth, Mr. Early proposes to testify that the Governor of Virginia lacks legal authority over the Virginia Tobacco Indemnification and Community Revitalization Commission and over certain decisions of Virginia's universities. Such testimony is neither helpful nor rational because legal authority does not equate to influence and is not an element of the charged crimes. *See United States v. Jefferson*, 634 F. Supp. 2d 595, 603 (E.D. Va. 2009). For the same reasons, Mr. Early's proposed testimony is highly likely to confuse the issues and mislead the jury, rendering it unhelpful. This testimony is inadmissible as expert testimony under Rule 702.

2. <u>Peter H. White, Esq.</u>

McDonnell intends to call Mr. White to give expert testimony on three topics. First, Mr. White proposes to testify generally as to the value of the transactional immunity offered to Jonnie Williams, Sr. ("Williams") in exchange for his testimony. Expert testimony intended solely to explain the implications of a plea agreement on a witness's testimony "is not the function of an expert." *United States v. Allen*, 716 F.3d 98, 105 (4th Cir. 2013) (citing *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005)) (holding that the legal significance of substantial assistance agreements need not be explained by an expert for a jury to understand its potential to create bias). This testimony is inadmissible as expert testimony because it is an

impermissible credibility evaluation and would not be helpful to the jury. *See id.*; Fed. R. Evid. 702.

Second, Mr. White proposes to testify generally about the costs and obligations that Williams and Star Scientific, Incorporated ("Star") would have incurred in the event of an investigation by the Food and Drug Administration into potential violations of 21 U.S.C. § 331(a). This testimony is inadmissible both because it is irrelevant in the absence of any evidence of any immunity agreement between the Government and Star, and because extrinsic evidence is not admissible to impeach a witness's credibility. *See* Fed. R. Evid. 104(b); Fed. R. Evid. 608(b).

Third, Mr. White proposes to testify as to the value that accrued to Williams upon the Government's intervention in various civil suits. McDonnell has failed to disclose the methodology Mr. White used in arriving at his opinion, precluding the Court from properly evaluating the reliability of this testimony. *See* Fed. R. Evid. 702. Accordingly, the Court finds that a *Daubert* hearing is necessary to determine whether this portion of Mr. White's testimony is admissible.

3. J. Allen Kosowsky, CPA

McDonnell intends to call Mr. Kosowsky to give expert testimony on four topics. First, Mr. Kosowsky proposes to opine as to the financial value of the benefits conferred on Williams in exchange for his testimony. For the reasons animating the Court's decisions with respect to Mr. White's testimony, Mr. Kosowsky's testimony will be excluded except to the extent that it relates to the financial value of the Government's intervention in various civil suits. The Court finds that a *Daubert* hearing is necessary to determine whether this portion of Mr. Kosowsky's testimony is admissible.

Second, Mr. Kosowsky proposes to testify as to various securities and trust transactions by Williams and Star. This testimony is inadmissible, extrinsic impeachment evidence. *See* Fed. R. Civ. P. 608(b).

Third, Mr. Kosowsky proposes to testify as to the mechanics of bank loan applications in order to rebut the Government's allegations that McDonnell's omissions from loan documents were intentional, fraudulent, or material. This testimony is inadmissible because it constitutes an impermissible opinion on McDonnell's state of mind and draws legal conclusions. *See* Fed. R. Evid. 702; Fed. R. Evid. 704(b). Alternatively, because an omission's materiality is irrelevant to a defendant's culpability under 18 U.S.C. § 1014, Mr. Kosowsky's proposed testimony is highly likely to confuse the issues and mislead the jury, rendering is unhelpful. This testimony is inadmissible as expert testimony under Rule 702.

Fourth, Mr. Kosowsky proposes to testify as to the state of the McDonnells' finances. McDonnell has failed to disclose the methodology Mr. Kosowsky used in arriving at his opinion, precluding the Court from properly evaluating the reliability of this testimony. *See* Fed. R. Evid. 702. Accordingly, the Court finds that a *Daubert* hearing is necessary to determine whether this portion of Mr. Kosowsky's testimony is admissible.

4. Norman A. Thomas, Esq.

McDonnell intends to call Mr. Thomas to give expert testimony on three topics. This testimony will be excluded in its entirety.

First, Mr. Thomas proposes to offer an explanation of Virginia's standardized Statement of Economic Interests form ("SOEI"). He will opine that the instructions regarding this form are complex and vague. This testimony is not admissible because it would not be helpful to the jury, who will be capable of reading and assessing the complexity of the SOEI for themselves. *See* Fed. R. Evid. 702.

Second, Mr. Thomas proposes to opine that McDonnell's SOEIs submitted between 2010 and 2013 evidence a reasonable understanding of Virginia's disclosure requirements. This testimony is also inadmissible because it would be unhelpful to the jury who, after capably assessing the complexity of the SOEI, will similarly be capable of assessing the reasonableness of McDonnell's disclosures. *See* Fed. R. Evid. 702.

5. <u>Undisclosed, Unidentified Expert</u>

McDonnell has attempted to disclose the testimony of an expert witness that he has not yet identified. He has not provided a sufficient justification for his failure to identify this expert prior to the deadline for disclosure. The Court, therefore, will exclude this hypothetical expert testimony. Furthermore, even the slim disclosure McDonnell does provide clearly demonstrates the inadmissibility of the hypothetical testimony as extrinsic impeachment evidence. *See* Fed. R. Evid. 608(b).

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this 26th day of June 2014.