UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT F. MCDONNELL,

and

MAUREEN G. MCDONNELL,

Defendants.

Action No. 3:14-CR-12

## MEMORANDUM OPINION

THIS MATTER is before the Court on seven motions *in limine* filed by the parties. Each of these motions has been fully briefed by the parties and a hearing was held on July 15, 2014.

The Government's Motion to Exclude Irrelevant and Misleading Evidence of Materiality of False Statements Charged in Counts 12 & 13 (ECF No. 229) seeks to exclude evidence regarding the materiality of the false statements charged in Counts 12 and 13 of the Indictment, which allege violations of 18 U.S.C. § 1014. Section 1014 "criminalizes the making of a false statement to a financial institution 'for the purpose of influencing in any way the action of' the institution with regard to, for example, an advance or a loan." *Elliott v. United States*, 332 F.3d 753, 764 (4th Cir. 2003) (quoting 18 U.S.C. § 1014). Neither objective materiality of the false statement nor reliance by the financial institution is relevant to a defendant's criminal culpability under section 1014. *United States v. Lane*, 323 F.3d 568, 582-83 (7th Cir. 2003); *see United States v. Wells*, 519 U.S. 482, 489-90 (1997) (finding that materiality is not an element of section 1014). What is relevant is the defendant's specific intent to influence the financial institution's decision.

There is no evidence in the record that Defendants had any inkling of the materiality of their allegedly false statements at the time they were made. This fact distinguishes the present

situation from that considered by the Seventh Circuit in *United States v. Phillips*, 731 F.3d 649 (7th Cir. 2013). Accordingly, this motion will be GRANTED. Post-offense statements of Defendants, the financial institutions, or the financial institutions' officers are irrelevant and, additionally, may mislead the jury. *See* Fed. R. Evid. 402, 403. Defendants will be precluded from testifying as to their opinion of the allegedly false statements' materiality because their opinions as to materiality are irrelevant. *See* Fed. R. Evid. 402. They may, however, testify that they did not intend to influence the financial institutions.

The Government's Motion to Limit the Number of Character Witnesses (ECF No. 231) seeks to limit each Defendant to the use of three character witnesses at trial. Although it is highly unlikely that the Court will allow more than five (5) character witnesses per Defendant, this motion will be DENIED at this time as premature. The cumulative or permissible nature of character witnesses presented by Defendants will be assessed in context at trial

The Government's Motion to Permit Leading Questions by the United States of Witnesses Identified with Defendants (ECF No. 233) seeks: (1) to permit the Government to use leading questions on direct examination of eight potential witnesses who are family members of Defendants; and (2) to prohibit Defendants from using leading questions in cross-examination of those same witnesses. Federal Rule of Evidence 611 vests the Court with discretion to grant or deny the requested relief when witnesses are "identified with an adverse party." Fed. R. Evid. 611(c)(2). Because the record does not demonstrate that these eight witnesses have shown hostility or an uncooperative spirit, the Court finds no reason to alter the ordinary mode of examining witnesses. Accordingly, this motion will be DENIED. However, if these witnesses show themselves to be hostile or uncooperative, the Court will reconsider this issue at trial.

Mr. McDonnell's Motion to Exclude Co-Conspirator Acts and Statements Pending Prima Facie Showing of Conspiracy Involving Mr. McDonnell (ECF No. 227) seeks a pretrial *James* hearing. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979). The preferred method in this Court for admissibility determinations pursuant to Federal Rule of Evidence 801(d)(2) is to

conditionally admit the disputed evidence subject to later proof of conspiracy. *Accord United States v. Berlin*, 707 F. Supp. 832, 840 (E.D. Va. 1989). The Court finds that a *James* hearing would be duplicative and a waste of time. Accordingly, this motion will be DENIED.

Defendants' Motions to Exclude Evidence Relating to Star Scientific Stock Ownership (ECF Nos. 235, 242) seek to exclude evidence of Mrs. McDonnell's stock ownership and transfers pursuant to Federal Rule of Evidence 403. The disputed evidence goes to concealment, which may be probative of intent to defraud—an element of the charged crimes. *See United States v. Zayyad*, 741 F.3d 452, 463 (4th Cir. 2014). Further, this evidence does not unfairly prejudice Defendants because it was not sought, and will not be used, to prove a violation of Virginia's ethics laws or reporting requirements. Because the probative value of this evidence is not outweighed by competing considerations, *see* Fed. R. Evid. 403, this motion will be DENIED.

Defendants' Motions to Exclude Evidence Relating to Statements of Economic Interest (ECF Nos. 237, 243) seek to exclude Mr. McDonnell's Statements of Economic Interest ("SOEIs"), draft SOEIs and any other evidence pertaining to their preparation or submission. The disputed evidence goes to concealment and may be probative of intent to defraud—an element of the charged crimes. *See Zayyad*, 741 F.3d 463. As with evidence of Mrs. McDonnell's stock ownership and transfers, admission of the SOEIs will not unfairly prejudice Defendants because there is no suggestion, and there will be none at trial, that Mr. McDonnell violated Virginia's ethics laws or reporting requirements. Accordingly, the SOEIs will not be excluded pursuant to Federal Rule of Evidence 403.

Additionally, the draft SOEI referencing a gift from William H. Goodwin, Jr., is admissible pursuant to Federal Rule of Evidence 404(b) as evidence of Mr. McDonnell's knowledge of the personal friend exception to Virginia's SOEI reporting requirements and as evidence of an absence of mistake. The prior act sought to be proved, therefore, is Mr. McDonnell's omission of Mr. Goodwin's gift pursuant to the personal friend exception. Evidence

3

of Mr. McDonnell's knowledge and of the absence of mistake is relevant to, and probative of, his alleged intent to defraud—an element of the charged crimes; the prior act alleged is similar to the act the Government seeks to prove—omission of gifts from Williams pursuant to the personal friend exception; and there is nothing in the record to suggest that the evidence will be unreliable or unfairly prejudicial to Defendants. *See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Accordingly, this motion will be DENIED.

Mr. McDonnell's Motion to Exclude Mrs. McDonnell's Testimonial Statements (ECF No. 239) seeks to exclude statements Mrs. McDonnell made to law enforcement officers in an interview held on February 15, 2013. The Confrontation Clause of the Sixth Amendment generally bars the admission of testimonial hearsay statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has had a prior opportunity for cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). However, "[t]he [Confrontation Clause] does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 541 U.S. at 59 n.9 (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)). The Government intends to offer Mrs. McDonnell's statements as relevant, non-hearsay evidence against Mr. McDonnell. Accordingly, this motion will be DENIED. The Court will consider at trial whether an instruction limiting the relevance of Mrs. McDonnell's statements to her state of mind will be necessary.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this 16th day of July 2014.