UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT F. MCDONNELL,<br><br>and<br><br>MAUREEN G. MCDONNELL,<br><br>Defendants. | Action No. 3:14-CR-12 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Maureen G. McDonnell's Motion #26 – Motion for a New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Motion") (ECF No. 516). The Government filed an Opposition Memorandum ("Opp'n Mem.") (ECF No. 534) on October 14, 2014. Mrs. McDonnell subsequently filed a reply on October 24, 2014 ("Reply Mem.") (ECF No. 545). The parties have not requested a hearing on this matter, and the Court finds that oral argument is unnecessary. E.D. Va. Loc. Crim. R. 47(J). For the reasons set forth below, the Motion is hereby DENIED.

### I. BACKGROUND

Defendant Robert F. McDonnell ("Mr. McDonnell") served as the 71st Governor of the Commonwealth of Virginia from January 2010 to January 2014. His wife, Maureen G. McDonnell ("Mrs. McDonnell"), served as the First Lady of Virginia.

During his campaign for Governor, the McDonnells became acquainted with Jonnie Williams ("Williams"). Williams was the Chief Executive Officer of Star Scientific, Inc. ("Star Scientific"). Beginning in or about 2007, Star Scientific focused on utilizing certain alkaloids in the tobacco plant, namely anatabine, to address issues related to the desire to smoke. The

1

company engaged in the development, manufacture, and marketing of two anatabine-based dietary supplements: CigRx and Anatabloc. To gain customer and physician approval of its products, Star Scientific sought scientific studies of anatabine.

On January 21, 2014, Mrs. McDonnell, along with her husband, was charged in a fourteen count indictment. On September 4, 2014, a jury convicted Mrs. McDonnell on Counts 1–3, 5–8, 10 and 14 of the indictment, which alleged committing, and conspiring to commit, honest services wire fraud and extortion under color of official right, and obstruction of justice.

On September 18, 2014, Mrs. McDonnell filed the instant Motion, alleging four main errors that necessitate the granting of a new trial: (1) as set forth in Robert F. McDonnell's Motion for a New Trial (ECF No. 511)–inadequate voir dire regarding pre-trial publicity, failure to voir dire the jurors based on evidence of juror misconduct, and improper jury instructions regarding the definition of "official act"; (2) failure to sever trial; (3) statements made in the Government's rebuttal summation, which conflated the state and federal proceedings; and (4) the evidence weighs heavily against guilty verdicts.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 33, "the [district] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial brought on the basis of any ground besides newly discovered evidence "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1)–(2).

Whether to award a new trial is within the district court's broad discretion. *See United States v. Smith*, 451 F.3d 209, 216–17 (4th Cir. 2006). The discretion to award a new trial, however, should be used sparingly, and "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (citations and internal quotation marks omitted).

//

//

## III. DISCUSSION

### A. *Claim 1: Several Prejudicial Errors Before and During Trial*

Mrs. McDonnell joins Mr. McDonnell's Motion for a New Trial (ECF No. 511). Thus, for all the reasons fully defined in the memorandum opinion denying Mr. McDonnell's Motion for a New Trial, Mrs. McDonnell's argument is equally unavailing.

### B. *Claim 2: The Failure to Grant a Separate Trial Was Error*

Federal Rule of Criminal Procedure 8(b) sets forth the prerequisites for joining defendants as follows:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

Fed. R. Crim. P. 8(b). Rule 14(a) permits the court to sever defendants if joinder would be prejudicial:

> If the joinder of . . . defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). It is well settled, however, that defendants who have been indicted together should be tried together. *United States v. Williams*, 10 F.3d 1070, 1079 (4th Cir. 1993) (citing *United States v. Clark*, 928 F.2d 639, 644 (4th Cir. 1991)). "Joinder is particularly favored in conspiracy cases," *United States v. Montgomery*, 262 F.3d 233, 244 n.5 (4th Cir. 2001), because it prevents "needlessly duplicative trials involving substantially similar proof." *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977) (citation omitted).

In seeking severance, "[t]he defendant bears the burden of showing that a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." *Williams*, 10 F.3d at 1080 (citing *United States v. Brugman*, 655 F.2d 540, 542–43 (4th Cir. 1981)). The defendant has to show "something more than merely a better chance of acquittal and 'must overcome the burden imposed by a stringent standard of review.'" *Brugman*, 655 F.2d at 543 (quoting *Jamar*,

561 F.2d at 1106). Even where prejudice is shown, a court has the discretion to deny severance. *Zafiro v. United States*, 506 U.S. 534, 538 (1993) (rejecting defendants' request for a bright-line rule that would mandate severance whenever co-defendants have conflicting defenses); *see also United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir. 1995) ("In deciding whether to grant a Rule 14 motion, the district court is given broad discretion in weighing the inconvenience and expense to the government and witnesses in conducting separate trials against the prejudice to the defendants caused by a joint trial."). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Mere conflict between co-defendants is insufficient to justify severance. *Smith*, 44 F.3d at 1266–67; *see also United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir. 1986) (internal quotation marks and citations omitted) ("[T]he mere presence of hostility among defendants . . . or the desire of one to exculpate himself by inculpating another [are] insufficient grounds to require separate trials.").

Mrs. McDonnell primarily contends that the evidence introduced by Mr. McDonnell regarding his wife's deceit permitted the jury to draw an improper inference about her general character for honesty–an error, she argues, that can only be remedied by retrial. However, Mr. and Mrs. McDonnell implemented a joint trial strategy, one that required proof of Mrs. McDonnell concealing actions from her husband in order to combat the charge of conspiracy. In his opening statement, Mrs. McDonnell's counsel even admitted that "Maureen hid much of what Jonnie Williams gave her from her husband." Tr. Vol. II 248:7–8. However, on the sixteenth day of trial, Mrs. McDonnell's counsel moved to either sever Mrs. McDonnell from the trial, or to sever the obstruction count. *See* Tr. Vol. XVI 3743:3–19. Mrs. McDonnell's counsel explained that the evidence being presented on that day "tends to go to Ms. [sic] McDonnell's veracity or the appearance of her veracity by various witnesses." *Id.* at 3743:10–12. Although counsel admitted that the evidence was helpful to the conspiracy counts, he also argued that it

4

was harmful to Count 14. *Id.* at 3743:12–17.

Now, in the instant Motion, Mrs. McDonnell attempts to argue that the evidence regarding her non-disclosure of certain information to her husband is of a "different nature" than evidence suggesting that she is generally deceitful. But in the Court's opinion, Mrs. McDonnell cannot have it both ways. The evidence that was deliberately introduced in an attempt to persuade the jury that Mr. McDonnell was oblivious to his wife's relationship with Williams backfired, and now Mrs. McDonnell attempts to argue that she was prejudiced. The testimony elicited on behalf of Mr. McDonnell was obviously an effort to inculpate Mrs. McDonnell while exculpating himself. But such efforts do not require severance. *Spitler*, 800 F.2d at 1271.

### *C. Claim 3: The Government Created a Substantial Risk of Jury Confusion on Count 14*

Because the Court addresses this claim in Mrs. McDonnell's Motion for Judgment of Acquittal, the claim is hereby moot and need not be answered in the present memorandum opinion.

### *D. Claim 4: The Weight of the Evidence is Strongly Against Guilt*

Mrs. McDonnell concludes by arguing that the weight of the evidence is strongly against the finding of guilt. Based on the lack of evidence that Mr. McDonnell performed or promised to perform any "official act" for Williams as well as the lack of evidence with respect to Count 14, Mrs. McDonnell argues that she is entitled to a retrial.

"When considering a motion for new trial based upon the weight of the evidence, district judges act in the role of a 'thirteenth juror' and consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice." *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998) (citing *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)). Based on the substantial evidence cited in the memorandum opinions denying Mr. McDonnell's Motion for New Trial and Motion for Judgment of Acquittal as well as the opinion

5

denying Mrs. McDonnell's Motion for Judgment of Acquittal, the Court finds this final claim without merit.

## IV. CONCLUSION

For the foregoing reasons, Mrs. McDonnell's Motion is DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order will issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___1st___ day of December 2014.